IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPORTBRAIN HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:16-cv-06944 |
| vs. | ) | |
| | ) | Hon. Virginia M. Kendall |
| AETNA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AETNA INC.'S FIRST AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Aetna Inc. ("Aetna"), through its undersigned attorneys, responds as follows to the Complaint for Patent Infringement ("Complaint") of Plaintiff, Sportbrain Holdings LLC.

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant Aetna's infringement of Plaintiff Sportbrain's United States Patent No. 7,454,002 entitled "Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device" (hereinafter, the "'002 Patent" or the "Patent-in- Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. Sportbrain seeks monetary damages.

**ANSWER:** Aetna admits that the Complaint alleges that this is an action arising under the patent laws of the United States. Aetna further admits that U.S. Pat. 7,454,002 B1 is entitled "Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device" and that a copy of it was attached to the Complaint. Aetna denies the remaining allegations contained in paragraph 1 of the Complaint and specifically denies any patent infringement and specifically denies that Plaintiff is entitled to any monetary damages.

1

## THE PARTIES

2.  Plaintiff Sportbrain is an Illinois limited liability company. Sportbrain is the exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including the exclusive right to exclude Aetna from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue Aetna for infringement and recover past damages.

**ANSWER:** Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies said allegations.

3.  Aetna is a company organized under the laws of Delaware with its principal place of business located in Hartford, Connecticut.

**ANSWER:** Aetna admits that it has a place of business in Hartford, Connecticut. Aetna denies the remaining allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**ANSWER:** Aetna admits that the Complaint alleges that this is an action arising under the patent laws of the United States. Aetna denies the remaining allegations contained in paragraph 4 of the Complaint and specifically denies any patent infringement.

5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Aetna admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for patent infringement arising under the United States patent statutes. Aetna denies the remaining allegations contained in paragraph 5 of the Complaint and specifically denies any patent infringement.

6.  This Court has personal jurisdiction over Aetna because, among other things, it transacts business in this judicial District, at least by offering to sell, selling and/or advertising

infringing products and services, including at least the Aetna Get Active platform and companion apps (collectively "Accused Products and Services"), in such a way as to reach customers in Illinois and this judicial district including, but not limited to, over the internet, and through retail stores located throughout this district. Aetna also directly markets and sells its infringing products and services to Illinois residents, including through its own website, https://www.aetna.com.

**ANSWER:** Aetna admits that it is subject to personal jurisdiction in the Northern District of Illinois in this case. Aetna denies the remaining allegations contained in paragraph 6 of the Complaint and specifically denies any patent infringement.

7. Aetna has, consequently, committed acts of infringement in this judicial district.

**ANSWER:** Aetna denies the allegations contained in paragraph 7 of the Complaint.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Aetna has committed acts of infringement in this district.

**ANSWER:** Aetna denies the allegations contained in paragraph 8 of the Complaint.

**COUNT I: INFRINGEMENT OF THE '002 PATENT**

9. Sportbrain realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

**ANSWER:** Aetna incorporates by reference its responses to paragraphs 1 through 8 above.

10. The '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Aetna denies the allegations contained in paragraph 10 of the Complaint.

11. Aetna has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, Aetna has infringed and continues to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through

3

the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website.

  **ANSWER:** Aetna denies the allegations contained in paragraph 11 of the Complaint.

 12. Each of the Accused Products and Services infringes at least claim 1 of the '002 Patent.

  **ANSWER:** Aetna denies the allegations contained in paragraph 12 of the Complaint.

 13. In particular, using at least an accelerometer and/or motion sensor, the Aetna provides a personal parameter receiver, collecting data about the activity of the user, including at least recording the number of steps taken by the user when the product is active. The Aetna Get Active platform, and companion apps (collectively the "Aetna product") connect to wireless communication devices, including smartphones, for capturing personal data via a bluetooth connection. The Aetna product periodically transmits personal data, including at least step data, from at least a smartphone to a network server over a wireless network. A network server then analyzes the personal data of the user and generates feedback information; this feedback information is posted to a website in at least a graphical and chart form for the user, and includes at least daily and weekly progress and other health and fitness metrics, including at least step count data. The aforementioned website and/or companion apps also allow a user to compare that user's personal data, at least in relation to the user's friends, and posts that comparison of the personal data.

  **ANSWER:** Aetna denies the allegations contained in paragraph 13 of the Complaint.

 14. Aetna has also partnered with third parties to provide additional companion apps; to the extent that these third party companion apps (in combination with the Aetna Get Active platform) carry out the remaining steps of the method in at least claim 1, these acts are attributable to Aetna under a theory of divided infringement, and Aetna directly infringes on the patent-in-suit.

  **ANSWER:** Aetna denies the allegations contained in paragraph 14 of the Complaint.

 15. Aetna also has and continues to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, Aetna has actively induced, and continues to induce, the infringement of one or more claims of the '002 Patent at least by actively inducing its customers, including merchants and end-users to use Aetna's devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, Aetna has specifically

4

intended that its customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required to infringe one or more claims of the '002 Patent is accomplished by Aetna and Aetna's customers jointly, Aetna's actions have solely caused all of the steps to be performed.

**ANSWER:** Aetna denies the allegations contained in paragraph 15 of the Complaint.

16. Aetna knew or should have known that its conduct of advertising and instructing would induce others to use its products and services in a manner that infringes the '002 Patent.

**ANSWER:** Aetna denies the allegations contained in paragraph 16 of the Complaint.

17. Without permission or compensation to Sportbrain, Aetna decided to take Sportbrain's inventions and utilize its patented technology in its Accused Products and Services. On this basis, this infringement has been willful, deliberate, and in reckless disregard of Sportbrain's patent rights.

**ANSWER:** Aetna denies the allegations contained in paragraph 17 of the Complaint.

18. Sportbrain has complied with the provisions of 35 U.S.C. § 287 to the extent they are applicable.

**ANSWER:** Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies said allegations.

19. Aetna's infringement has injured Sportbrain and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, together with interest and costs.

**ANSWER:** Aetna denies the allegations contained in paragraph 19 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sportbrain respectfully asks this Court to enter judgment against Defendant Aetna for infringement and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:
    A. Aetna has infringed and is infringing one or more claims of the '002 Patent;

    B. Aetna accounts to Sportbrain for damages adequate to compensate for Aetna's infringement of the '002 Patent and that such damages be awarded to Sportbrain, including pre-judgment and post-judgment interest;

    C. Sportbrain's damages be trebled as a result of Aetna's willful infringement of the '002 Patent;

    D. This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award Sportbrain its expenses and attorneys' fees incurred in bringing and prosecuting this action; and

    E. Sportbrain be awarded such further and additional relief as the Court deems just and proper.

    **ANSWER:** To the extent Plaintiff's prayer for relief contains any allegations as to Aetna, Aetna denies said allegations.

## JURY DEMAND

    Under Rule 38(b) of the Federal Rules of Civil Procedure, Sportbrain respectfully requests a trial by jury on all issues.

    **ANSWER:** To the extent Plaintiff's jury demand contains any allegations as to Aetna, Aetna denies said allegations.

## ADDITIONAL DEFENSES

    Aetna asserts the following additional defenses, whether affirmative or otherwise, without assuming any burden of proof that it would not otherwise have.

    1. The Complaint fails to state a claim upon which relief can be granted.

    2. Aetna has not infringed and is not infringing, either literally or under the doctrine of equivalents, whether directly or indirectly, any valid and enforceable claim of the patent in suit.

    3. The asserted claims of the patent in suit are invalid for failure to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or estoppel.

5. Plaintiff's claim for damages is limited by 35 U.S.C. § 286.

6. Plaintiff's claim for damages is limited to the extent that the marking requirements of 35 U.S.C. § 287 were not satisfied.

7. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy, if any, at law.

8. Plaintiff is not entitled to relief under 35 U.S.C. § 285.

9. Plaintiff's claim is barred due to lack of standing to the extent Plaintiff does not have all substantial rights required to assert the patent in suit.

Aetna reserves the right to assert additional defenses and counterclaims after further investigation, including but not limited to defenses related to validity and enforceability.

## COUNTERCLAIMS

For its counterclaims against Plaintiff Sportbrain Holdings LLC ("Sportbrain"), Counterclaim Plaintiff Aetna Inc. ("Aetna") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Aetna Inc. is a Pennsylvania corporation with offices located at 151 Farmington Avenue, Hartford, Connecticut 06105.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as plead by Sportbrain, Counterclaim Defendant Sportbrain Holdings LLC is an Illinois limited liability company purporting to be the exclusive licensee of U.S. Pat. 7,454,002 ("the patent in suit"), possessing all rights thereto, including the right to enforce the patent in suit against Aetna.

**JURISDICTION**

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

4. Sportbrain has consented to the personal jurisdiction of this Court at least by commencing its action against Aetna for patent infringement in this district, as set forth in its Complaint.

5. Based solely on Sportbrain's filing of this action, venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**

**(DECLARATION OF NON-INFRINGEMENT OF U.S. PAT. 7,454,002)**

6. Aetna incorporates by reference paragraphs 1–5 above.

7. Based on Sportbrain's filing of this action and at least Aetna's second defense, an actual controversy has arisen and now exists between the parties as to whether Aetna has infringed the patent in suit.

8. Aetna has not infringed and does not infringe (directly, jointly, contributorily, or by inducement, or in any other manner) any claim of the patent in suit, either literally or under the doctrine of equivalents.

9. A judicial declaration is necessary and appropriate so that Aetna may ascertain its rights as to whether the patent in suit is infringed by Aetna.

**COUNT II**

**(DECLARATION OF INVALIDITY OF U.S. PAT. 7,454,002)**

10. Aetna incorporates by reference paragraphs 1–9 above.

11. Based on Sportbrain's filing of this action and at least Aetna's third defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the patent in suit.

12. The claims of the patent in suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

13. A judicial declaration is necessary and appropriate so that Aetna may ascertain its rights as to whether the patent in suit is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Aetna respectfully requests this Court to enter judgment in Aetna's favor and against Sportbrain by granting the following relief:

(a) a declaration that the claims of the patent in suit are invalid;

(b) a declaration that Aetna has not infringed, and does not infringe, any claim of the patent in suit;

(c) a declaration that Sportbrain take nothing by its Complaint;

(d) dismissal of the Complaint with prejudice;

(e) a declaration that this case is exceptional under 35 U.S.C. § 285 and that Aetna be awarded its costs, expenses and attorneys' fees incurred herein; and

(f) further relief to which Aetna may show itself entitled, at law or in equity.

## JURY DEMAND

Aetna hereby demands a trial by jury on all issues.

Date:   November 17, 2016		Respectfully submitted,


					 /s/ Steven P. Petersen
					STEVEN P. PETERSEN
					I.D. No. 6196793
					spetersen@leydig.com
					JOHN K. WINN
					I.D. No. 6291073
					jwinn@leydig.com
					LEYDIG, VOIT & MAYER, LTD.
					180 N. Stetson Avenue, Suite 4900
					Chicago, Illinois 60601
					Telephone: 312-616-5600
					Facsimile: 312-616-5700

					*Attorneys for Defendant Aetna Inc.*


## CERTIFICATE OF SERVICE

This is to certify that, on this 17th day of November, 2016, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system and/or by U.S. Mail.

1. Isaac Philip Rabicoff
   Rabicoff Law LLC
   73 W Monroe St
   Chicago, IL 60603
   773-669-4590
   Email: isaac@rabilaw.com


					/s/ *Steven P. Petersen*

10